IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Richard Douglas Waldrup, | Case No.: 9:24-cv-00974-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Warden Wilfredo Martell and Doctor Stacy Smith, | |
| Defendants. | |

    Plaintiff Richard Douglas Waldrup ("Plaintiff") brings this suit against Warden Wilfredo Martell and Doctor Stacy Smith ("Defendants"). Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration within the South Carolina Department of Corrections ("SCDC"). [ECF No. 1.] Plaintiff moved for summary judgment, ECF No. 29, to which Defendants filed a response in opposition, ECF No. 45. Defendants also moved for summary judgment, ECF No. 44, which Plaintiff opposes, ECF No. 48.

    This matter is before the court on the report and recommendation ("Report") issued by United States Magistrate Judge Molly H. Cherry, issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.). The Report recommends granting Defendants' motion for summary judgment and denying Plaintiff's motion. [ECF No. 50.] Plaintiff objects to the Report. [ECF No. 55.]

For the reasons below, the court adopts the Report and thus **GRANTS** Defendants' motion for summary judgment, ECF No. 44, and **DENIES** Plaintiff's motion for summary judgment, ECF No. 29.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

**II.    Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

**BACKGROUND**

On February 27, 2025, the magistrate judge issued a comprehensive Report outlining the relevant facts and legal standards which the court adopts with only a brief recitation.

Plaintiff, an inmate at the MacDougall Correctional Institution ("MCI"), alleges that Defendants were deliberately indifferent to his medical needs, specifically persistent eye pain, head pain, light sensitivity, and progressive loss of vision beginning in May 2023. [ECF No. 1 at 3-5,14.] Plaintiff contends that Defendants know of his condition and continue to deny him medical care. *Id.*

The records show Plaintiff received several eye examinations in 2023. However, under SCDC policy, the findings did not support a referral for outside care at that time. [ECF No. 44-2 at ¶¶ 4–5, 9.] In August 2024, Plaintiff was seen in sick call, referred to an optometrist, and examined on September 9, 2024. *Id.* ¶ 11; *see also* ECF No. 29-3 at 8–10. Following another sick call on September 11, 2024, he was referred to an ophthalmologist. [ECF No. 44-2 at ¶ 11.]

Plaintiff acknowledges that he eventually saw an eye doctor but argues the delay resulted in blindness in his left eye. [ECF No. 48 at 3.] He further claims ongoing pain and alleges that ordered tests—specifically an MRI—have not been completed. *Id.*; ECF No. 55-1 at 2.

## **DISCUSSION**

As explained in the Report, Plaintiff sued Defendants only in their official capacities. Therefore, any claim for monetary damages is barred by the Eleventh Amendment. [ECF No. 50 at 6–7.] At the same time, claims for injunctive relief are not barred. *Id.* at 8. Plaintiff alleges Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. But there is no genuine issue of material fact regarding the subjective element of deliberate indifference. The record shows that and Plaintiff received regular medical attention, including sick calls, examinations, and referrals. Even assuming SCDC policy was violated by not referring Plaintiff sooner, the policy violations alone do not establish constitutional violations. Plaintiff argues the care came too late and references the significant delay. [ECF No. 48 at 3.] While delays in medical treatment can support an Eighth Amendment claim, there is no evidence that Defendant Smith or any other Defendant intentionally delayed care. The record shows Plaintiff received treatment for his condition. *See generally* ECF No. 55-3; *see also* ECF No. 55 at 7.

In his objections, Plaintiff repeats legal standards cited in the Report and includes citations to cases like *Skokos v. Rhoades, Farmer v. Brennan, Brawner v. Scott County,* and *Whiting v.*

4

*Wexford Health Sources*. [ECF No. 55 at 3.][1] However, the authority cited is either already discussed in the Report, consistent with it, or not binding. Plaintiff does not argue that the magistrate judge applied the wrong legal standard or misinterpreted the law. Plaintiff's factual recitation under the heading "Background and Evidence" simply repeats facts already considered by the magistrate judge. He does not challenge the accuracy of the facts recounted in the Report but disagrees with conclusions drawn. To the extent his objections are specific enough to warrant a de novo review, the court agrees with the conclusions in the Report for the reasons stated here.

Finally, Plaintiff concedes in his objections and in a subsequent "Slip in Copy Motion," ECF No. 56, that his medical care is ongoing. He reports undergoing a CT scan and a hospital visit on March 11, 2025. [ECF No. 55 at 7; 56 at 1.] However, these events show that Defendants are actively providing medical care, consistent with the Report's findings.

Even considering this and all other evidence proffered by Plaintiff in the light most favorable to him, this court reaches the same conclusion as the magistrate judge in her Report—that Plaintiff's constitutional claims fail as a matter of law.[2] Plaintiff has not provided sufficient facts for a reasonable factfinder to find the Defendants were deliberately indifferent to his medical needs.

---

[1] Although Plaintiff does not provide citations for these cases, the court assumes he is attempting to reference the following: *Skokos v. Rhoades*, 440 F.3d 957 (8th Cir. 2006); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585 (6th Cir. 2021); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658 (7th Cir. 2016); *Appleby-El v. Wexford Health Sources*, No. CV PWG-19-1868, 2021 WL 37649 (D. Md. Jan. 5, 2021).

[2] The court further notes that many of the medical records relied upon by Plaintiff in his objections were also submitted to and considered by the magistrate judge in her Report. This court similarly reviewed these supporting documents when ruling on the present objections and reaches the same conclusion as the magistrate judge reached in the Report.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. While Plaintiff did not specifically object to any part of the Report and Recommendation, after a de novo review of the Report, the court hereby adopts the Report and Recommendation, ECF No. 50. For the reasons discussed above and in the Report, Defendants' motion for summary judgment, ECF No. 44, is **GRANTED**. Plaintiff's alleged constitutional violations fail as a matter of law and are therefore dismissed with prejudice. For these same reasons Plaintiff's motion for summary judgment, ECF No. 29, is **DENIED**.

**IT IS SO ORDERED.**

April 22, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge